UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DALE RAY NICKERSON,

    Petitioner,

v.

MARK NOOTH, Superintendent,
Snake River Correctional Institution,

    Respondent.

Case No. 2:16-cv-01352-AA

OPINION AND ORDER

AIKEN, District Judge:

Petitioner, an inmate at Snake River Correctional Institution, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging that his guilty plea was not constitutionally valid and he received ineffective assistance of counsel when entering his plea. For the reasons discussed below, the petition is denied.

## BACKGROUND

In May 2009, petitioner was charged with five counts of Sodomy in the First Degree, five counts of Rape in the First Degree, five Counts of Unlawful Penetration in the First Degree, and five counts of Sexual Abuse in the First Degree. Resp't Exs. 102. The charges arose from the

1   - OPINION AND ORDER

sexual abuse of petitioner's 10-year-old step-daughter, and petitioner faced a mandatory minimum sentence of 300 months' imprisonment if convicted on any of the charges at trial. Resp't Ex. 102, Ex. 105 at 4.

On January 12, 2010, petitioner pled guilty to three counts of Sexual Abuse in the First Degree pursuant to a plea agreement. As part of the agreement, the State dismissed the remaining counts and recommended a sentence of 200 months. Resp't Ex. 103 at 1-2.

On March 30, 2010, the trial court sentenced petitioner to 200 months' imprisonment. Resp't Ex. 101.

Petitioner initially appealed the trial court judgment but ultimately dismissed his appeal. Resp't Exs. 106-07.

On April 30, 2012, petitioner filed a petition for post-conviction relief (PCR) in state court and alleged, among other claims, that trial counsel rendered ineffective assistance by failing to ensure that petitioner's plea was knowing and voluntary. Resp't Ex. 108 (fourth amended PCR petition). The PCR court denied relief, the Oregon Court of Appeal affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 162-64, 166-68.

On January 26, 2016, petitioner filed this federal habeas petition.

## DISCUSSION

In his pro se petition, petitioner asserts forty-two grounds for relief, with several claims including numerous sub-parts. Pet. at 10-132 (ECF No. 2). In his counseled supporting brief, petitioner presents arguments on Grounds One, Two, and subparts Twenty-Three and Twenty-Four of Ground Eleven. Pet'r Brief at 1 (ECF No. 48).[1] Aside from these specific grounds, petitioner presents no argument to support the merits of his claims and fails to establish

---

[1] The court adopts counsel's reference to subparts 23 and 24 of Ground Eleven as recited on page 72 of the petition.

2 - OPINION AND ORDER

entitlement to habeas relief on Grounds Three through Ten; the remaining subparts of Ground Eleven; and Grounds Twelve through Forty-Two. *Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (a habeas petitioner bears the burden of proving his claims).

A. Grounds One and Two

In Grounds One and Two, petitioner alleges that his trial counsel failed to ensure that he was competent at the time he entered his guilty plea, and, as a result, his plea was not knowing or voluntary. *Strickland v. Washington*, 466 U.S. 668 (1984) (ineffective assistance of counsel requires deficient performance by counsel and resulting prejudice). The PCR and appellate courts rejected these claims, and respondent maintains that the state court decisions are entitled to deference.

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams*, 529 U.S. at 407-08, 413; *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (per curiam) (state court decisions that are not "contrary to" Supreme Court law may be set aside "only if they are not merely erroneous, but

3 - OPINION AND ORDER

'an unreasonable application' of clearly established federal law, or based on 'an unreasonable determination of the facts.'").

Under well-established Supreme Court precedent, an ineffective assistance of counsel claim requires two elements, that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

Here, the PCR court ruled that petitioner's counsel was not deficient in his representation. Specifically, the PCR court found:

> Petitioner initially was found unable to aid and assist in his defense. After being treated at the Oregon State Hospital and being stabilized on medication, he was stable mentally and able to aid and assist from that time forward. I find the testimony of his attorney David Orf in his affidavit (Ex.106) to be credible. Mr. Orf not only relied on his own observations but also consulted with Dr. Cooley and with the mental health provider for the county jail.... The investigator's report dated March 3, 2010, regarding the meeting Mr. Orf had with Petitioner on January 5, 2010, regarding the plea offer again confirms that Petitioner was on his medication and doing well at that time. I find from the evidence that Petitioner was mentally competent at the time of plea and knowingly and voluntarily entered his plea and that his attorney Mr. Orf took proper and adequate steps to insure that the Petitioner was mentally competent at the time of Plea.

Resp't Ex. 162 at 1-2. The PCR's finding of no deficiency is not an unreasonable application of *Strickland*.

According to the record, petitioner's counsel arranged for him to be evaluated by psychologist Dr. Cooley, who was aware of petitioner's apparent history of head injuries. Resp't Exs. 144, 151 at 2. Dr. Cooley determined that, while petitioner understood the nature of the proceedings against him, he was unable to aid and assist in his own defense at the time. Resp't Ex. 144 at 7-8. Dr. Cooley further opined that petitioner would be able to assist in his defense if he was stabilized on medication. After Dr. Cooley raised concerns about petitioner's

4   - OPINION AND ORDER

competency, petitioner was evaluated by Dr. Corbett at Oregon State Hospital (OSH). Resp. Ex. 158. Ultimately, Dr. Corbett determined that, although petitioner had a mental disease or defect, he was "able to understand the nature of the proceedings against him, to assist and cooperate with counsel, and to participate in his own defense." Resp. Ex. 158 at 8.

After petitioner returned from OSH, counsel found him to be "markedly different, and better," in that petitioner was able to participate in "conversations about the details of his case and how best to handle the case." Resp't. Ex. 151 at 2-3. Counsel also consulted with petitioner and Jackson County jail staff regarding petitioner's mental status and behavior, and in late December 2009, petitioner informed counsel's investigators that he was doing much better and on medication. Resp. Ex. 105 at 5-6, Ex. 125 at 31, Ex. 151 at 3-4. By January 2010, counsel believed petitioner was competent to aid and assist in his defense, based on the information received from Drs. Cooley and Corbett, Jackson County Jail staff, and petitioner. Resp. Ex. 125 at 31, Ex. 151 at 2-4.[2]

In other words, petitioner's counsel became concerned with petitioner's mental status and pursued psychological evaluations of petitioner, which resulted in a competency evaluation at OSH. Counsel also consulted with jail staff and petitioner regarding his mental state and believed that petitioner's mental condition had improved at the time of his plea. Petitioner does not explain what more counsel could have or should have done to ensure petitioner's competency, or what evidence shows that counsel should have questioned petitioner's competency at the time he

---

[2] I do not consider petitioner's Exhibit 201 with respect to these claims. The review of state court decisions under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The PCR court adjudicated petitioner's ineffective assistance claims on the merits, and petitioner's mental health records from the Jackson County jail were not part of the PCR record.

5 - OPINION AND ORDER

entered his plea. Based on this record, the PCR court's finding of no deficiency was not an unreasonable application of *Strickland.*

B. Ground 11, subparts 23 and 24

In subparts 23 and 24 of Ground Eleven, petitioner argues that the trial court also failed to ensure his plea was knowing and voluntary, in violation of his federal due process rights. Petitioner emphasizes the brevity of the plea colloquy and notes that the trial court failed to ask petitioner whether he understood the consequences of his plea, whether he had any questions about the proceedings, or whether he felt competent to proceed.

Respondent argues that this claim is procedurally defaulted and barred from federal review, because petitioner failed to fairly present it to the Oregon courts. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (before seeking federal habeas relief, a petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights"*)*. Respondent emphasizes that petitioner dismissed his direct appeal and did not raise trial court error in his PCR petition.

Regardless of procedural default, I find no constitutional error warranting habeas relief. *See* 28 U.S.C. § 2254(b)(2) (district court may disregard a failure to exhaust and deny a habeas petition on the merits). Granted, the plea colloquy was brief and the court did not ask probing questions of petitioner. Nevertheless, petitioner answered the court's questions and affirmed that he committed the elements of the offenses and that he chose to plead guilty, as reflected in his plea petition. Resp't Ex. 103 at 2, Ex. 104 at 3-5. Counsel certified that petitioner's plea was knowing and voluntary after reviewing the entire plea petition with petitioner. Resp't Ex. 103 at 3, Ex. 151 at 7.

Moreover, the record reflects that prior to sentencing, the trial court was aware that petitioner received a competency evaluation at OSH and had been deemed competent to proceed at trial. Resp't Ex. 105 at 5-6, 8. Likewise, counsel informed the trial court that he believed petitioner was competent to proceed, and nothing in the record suggests that the court should have believed otherwise. Resp't Ex. 105 at 5-6, 8; *c.f., Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) ("Where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty."). In fact, at sentencing the trial court commented on petitioner's mental state and emphasized a letter from petitioner containing arguments that the court found articulate and "very well explained," demonstrating to the court that petitioner was "able to understand the nature of the legal proceedings" and entered a knowing and voluntary plea. Resp't Ex. 105 at 9-10.

Given the evidence of record, I find no violation of petitioner's due process rights.

## CONCLUSION

For the reasons explained above, the Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 29 day of August, 2018.

*[signature]*

Ann Aiken
United States District Judge